```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                  Case No. 16-03277-RNO
Charles H. Swoyer, Jr.                                                  Chapter 13
Teri L. Swoyer
         Debtors                        CERTIFICATE OF NOTICE
District/off: 0314-1          User: karendavi              Page 1 of 2              Date Rcvd: Sep 14, 2016
                              Form ID: pdf002              Total Noticed: 39


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 16, 2016.
db/jdb         +Charles H. Swoyer, Jr.,   Teri L. Swoyer,   117 Cedar St.,   Lebanon, PA 17042-9776
4820263        ++AMERICREDIT FINANCIAL SERVICS DBA GM FINANCIAL,   PO BOX 183853,    ARLINGTON TX 76096-3853
                 (address filed with court: Americredit Financial Svcs,    801 Cherry St.,
                 Fort Worth, TX 76102)
4823744        +AmeriCredit Financial Services, Inc. dba GM Financ,   P O Box 183853,
                 Arlington, TX 76096-3853
4820264        +Andrew Callahan, Esq.,   Midland Credit Mgmt,   1 International Pl., Suite 550,
                 Philadelphia, PA 19113-1528
4820265         Angel McCurdy,   2941 Horseshoe Pike,   Campbelltown, PA 17010
4820266         Apothaker Scian PC,   520 Fellowship Rd, Suite C306,   PO Box 5496,
                 Mount Laurel, NJ 08054-5496
4820267        ++BANK OF AMERICA,   PO BOX 982238,    EL PASO TX 79998-2238
                 (address filed with court: Bank of America,   Po Box 982238,    El Paso, TX 79998)
4820268        +Bruce Klingler, Sheriff,   Lebanon County Sheriff,   400 South Eighth Street,
                 Lebanon, PA 17042-6700
4820269        +Bureau Of Account Mgmt,   3607 Rosemont Ave Ste 50,   Camp Hill, PA 17011-6904
4820271        ++CAPITAL ONE,   PO BOX 30285,    SALT LAKE CITY UT 84130-0285
                 (address filed with court: Capital One Bank Usa N,    15000 Capital One Dr,
                 Richmond, VA 23238)
4820270        +Capital One Bank,   4851 Cox Road,   Glen Allen, VA 23060-6293
4830793         Capital One Bank (USA), N.A.,   PO Box 71083,   Charlotte, NC 28272-1083
4820273         Cavalry SPV I, LLC as GE Cap.,   500 Summit Lake Drive,   Suite 400,   Valhalla, NY 10595-1340
4820274        +Central Credit Audit,   PO Box 735,   100 N. 3rd St.,   Sunbury, PA 17801-2367
4820276        +Credit First N A,   6275 Eastland Rd,   Brookpark, OH 44142-1399
4820277         Credit First N.A.,   PO Box 818011,   Cleveland, OH 44181-8011
4820278        +Firstsource,   205 Bryant Woods South,   Amherst, NY 14228-3609
4820279        +Five Points Auto Center,   411 S. Lincoln Ave.,   Lebanon, PA 17042-6360
4820280        +GM Financial,   Po Box 181145,   Arlington, TX 76096-1145
4820281        +Jonestown Bank And Tru,   2 W Market Street,   Jonestown, PA 17038-9628
4820282        +KLM Law Group,   701 Market Street,   Suite 5000 - BNY Mellon Center,
                 Philadelphia, PA 19106-1538
4820284        +Lebanon Fed Credit Union,   300 Schneider Dr,   Lebanon, PA 17046-4877
4820286         M&T Bank,   1 M&T Plaza,   Buffalo, NY 14203
4820287        +MDJ Anthony Verna,   728 E. Walnut St.,   Lebanon, PA 17042-5655
4820288        +Midland Funding,   2365 Northside Drive,   Suite 300,   San Diego, CA 92108-2709
4820289        +National Recovery Agency,   2491 Paxton St,   Harrisburg, PA 17111-1036
4820290         Onemain Financial,   Bankruptcy Dept,   PO Box 6042,   Sioux Falls, SD 57117-6042
4820292        +Powell Inc,   1 Fisher Street,   Halifax, PA 17032-8845
4820293        +Qualia Collection Services,   PO Box 4699,   Petaluma, CA 94955-4699
4820294        +TD Bank USA/Target Credit,   Po Box 673,   Minneapolis, MN 55440-0673
4820295        +Wells Fargo - Prfrd Cus Acct,   Po Box 94498,   Las Vegas, NV 89193-4498
4820296        +Wells Fargo FNB,   7000 Vista Drive,   3rd Floor,   West Des Moines, IA 50266-9310

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4820272         E-mail/Text: bankruptcy@cavps.com Sep 14 2016 20:03:11     Cavalry Portfolio Service,
                 Po Box 27288,   Tempe, AZ 85285
4830434        +E-mail/Text: bankruptcy@cavps.com Sep 14 2016 20:03:11     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-1340
4820275         E-mail/Text: jessicajones@cpcrecovery.com Sep 14 2016 20:03:19     Central Portfolio Control,
                 6640 Shady Oak Rd. #300,   Eden Prairie, MN 55344-7710
4820283        +E-mail/Text: bnckohlsnotices@becket-lee.com Sep 14 2016 20:02:26     Kohl's/Capital One,
                 N56 W 17000 Ridgewood Dr,   Menomonee Falls, WI 53051-5660
4822268         E-mail/PDF: resurgentbknotifications@resurgent.com Sep 14 2016 20:06:55
                 LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
4820285        +E-mail/PDF: resurgentbknotifications@resurgent.com Sep 14 2016 20:07:20     Lvnv Funding LLC,
                 Po Box 10497,   Greenville, SC 29603-0497
4820291         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 14 2016 20:06:50
                 Portfolio Recovery,   120 Corporate Blvd Ste 1,   Norfolk, VA 23502
                                                                                              TOTAL: 7

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +AmeriCredit Financial Services, Inc. dba GM Financ,    P O Box 183853,
                 Arlington, TX 76096-3853
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 16, 2016                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 14, 2016 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
              John J Ferry, Jr    on behalf of Joint Debtor Teri L. Swoyer jackferry2@gmail.com,
               jackferrybankruptcy@gmail.com
              John J Ferry, Jr    on behalf of Debtor Charles H. Swoyer, Jr. jackferry2@gmail.com,
               jackferrybankruptcy@gmail.com
              Joshua I Goldman    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                           TOTAL: 5
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

CHARLES H. SWOYER, JR. and
TERI L. SWOYER

: CHAPTER 13
: CASE NO. 1 - 16 -bk- 03277
:
: CHAPTER 13 PLAN
:
:     (Indicate if applicable)
:  4  # MOTIONS TO AVOID LIENS
:     # MOTIONS TO VALUE COLLATERAL
:
:  ✓  ORIGINAL PLAN
:     AMENDED PLAN
:         (Indicate 1ST, 2ND, 3RD, etc.)

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

**PLAN PROVISIONS**

**DISCHARGE:** (Check one)

✓  The debtor will seek a discharge of debts pursuant to Section 1328(a).

☐  The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

✓  This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

Rev. 06/01/16

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments</u>

        1. To date, the Debtor(s) has paid $\_\_\_0\_\_\_ (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $21,900.00\_\_\_\_, plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 08/16 | 07/21 | 365.00 | | 21,900.00 |

|  |  |
|---|---|
| Total Payments: $ | 21,900.00 |

        2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

        3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

        4. CHECK ONE:   [✓] Debtor(s) is at or under median income

                       [ ] Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B. <u>Liquidation of Assets</u>

        1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by

2

    _____, 20\_\_\_\_. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

3. The Debtor estimates that the liquidation value of this estate is $\_\_\_0.00\_\_\_\_\_. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

## 2. SECURED CLAIMS

A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| | | | $ |
| | | | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

3

Case 1:16-bk-03277-RNO    Doc 13    Filed 08/23/16    Entered 08/23/16 18:17:33    Desc
Main Document      Page 3 of 9
Case 1:16-bk-03277-RNO    Doc 19    Filed 09/16/16    Entered 09/17/16 00:54:04    Desc
Imaged Certificate of Notice    Page 5 of 11

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| M&T Bank | 117 Cedar Street, Lebanon PA 17042 | $ 1270.00 | $ 137,351.62 |
| Five Points Auto Center | 2002 Chevrolet Blazer | $ 285.83 | $ 4,734.30 |
| Five Points Auto Center | 2005 Chrysler PT Cruiser | $ 281.39 | $ 3,583.56 |
| | | $ | $ |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M&T Bank | 117 Cedar Street, Lebanon PA 17042 | $ 15,240.00 | $ 0 | $ 15,240.00 |
| Five Points Auto Center | 2002 Chevrolet Blazer | $ 919.08 | $ 0 | $ 919.08 |
| Five Points Auto Center | 2005 Chrysler PT Cruiser | $ 1279.54 | $ 0 | $ 1279.54 |
| | | $ | $ | $ |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

4

Case 1:16-bk-03277-RNO    Doc 13    Filed 08/23/16    Entered 08/23/16 18:17:33    Desc
Main Document    Page 4 of 9
Case 1:16-bk-03277-RNO    Doc 19    Filed 09/16/16    Entered 09/17/16 00:54:04    Desc
Imaged Certificate of Notice    Page 6 of 11

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
|  |  | $ | % | $ |  |
|  |  | $ | % | $ |  |
|  |  | $ | % | $ |  |

* **"PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |
|  |  | $ | % | $ |

F. <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

5

Case 1:16-bk-03277-RNO    Doc 13    Filed 08/23/16    Entered 08/23/16 18:17:33    Desc
Main Document    Page 5 of 9
Case 1:16-bk-03277-RNO    Doc 19    Filed 09/16/16    Entered 09/17/16 00:54:04    Desc
Imaged Certificate of Notice    Page 7 of 11

G. <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| Cavalry SPV I, LLC as GE Capital | 117 Cedar Street, Lebanon PA |
| Americredit Financial Services | 117 Cedar Street, Lebanon PA |
| Capital One and Midland Funding | 117 Cedar Street, Lebanon PA |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

 Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |
|  | $ |
|  | $ |

B. <u>Administrative Claims</u>:

(1) Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. Check only one box:

☑ In addition to the retainer of $ 705.00 already paid by the Debtor, the amount of $ 3045.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

☐ $ _____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court pursuant to L.B.R. 2016-2(b).

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |
|  | $ |
|  | $ |

4. **UNSECURED CLAIMS**

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |
|  |  | $ | % | $ |

7

Case 1:16-bk-03277-RNO    Doc 13    Filed 08/23/16    Entered 08/23/16 18:17:33    Desc
Main Document    Page 7 of 9
Case 1:16-bk-03277-RNO    Doc 19    Filed 09/16/16    Entered 09/17/16 00:54:04    Desc
Imaged Certificate of Notice    Page 9 of 11

B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| | | $ | % | $ | $ | |
| | | $ | % | $ | $ | |

6. **REVESTING OF PROPERTY: (Check One)**

☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | $ | % | $ | $ |
| | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

A. Include the additional provisions below or on an attachment. **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

2B. Stated amounts are estimates. Actual amounts to be determined in accordance with the loan documents.
2C Amounts stated are estimates. Payment will be made of the pre-petition arrears as stated in a timely filed Proof of Claim. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court of as stipulated by the parties. Debtors waive the right to object to these claims after the Plan is confirmed.

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: August 8, 2016

/s/ John J. Ferry, Jr.
Attorney for Debtor

/s/ Charles H. Swoyer, Jr.
Debtor

/s/ Teri L. Swoyer
Joint Debtor